Filed 3/4/13  P. v. Snow CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F063438 |
| Plaintiff and Respondent, | (Super. Ct. No. 10CM2357) |
| v. | |
| GERALD STUART SNOW, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Steven D. Barnes, Judge.

John K. Cotter, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Wiseman, Acting P.J., Levy, J. and Detjen, J.

**FACTS AND PROCEEDINGS**

On October 4, 2010, appellant, Gerald Stuart Snow, pled no contest to an allegation that he feloniously transported narcotics for sale (Health & Saf. Code, § 11379, subd. (a), count 2). Appellant admitted enhancements alleging that he had a qualifying prior prison term (Pen. Code, § 667.5, subd. (b)) and prior narcotics convictions (Health & Saf. Code, § 11370.2, subd. (a)). A felony narcotics allegation and two misdemeanor allegations were dismissed. On November 22, 2010, the trial court found appellant eligible for treatment pursuant to Proposition 36, suspended execution of appellant's sentence without selecting a term of confinement, and placed appellant on probation for three years with various terms and conditions. Appellant did not appeal from these orders.

On April 15, 2011, the court conducted a hearing on an alleged violation of probation. Carma Javaux testified that appellant struck her in the face. The court continued the matter until April 21, 2011, and modified appellant's conditions of probation to include a no-contact order as to Javaux.

On September 2, 2011, the court conducted a new hearing concerning whether appellant violated the conditions of his probation. Javaux testified that after appellant had been released from custody on or about June 24, 2011, appellant had contact with Javaux at her residence. Appellant was under a restraining order not to contact Javaux. Appellant had an argument with Javaux because he insisted that she take him to purchase methamphetamine. Javaux could not understand why he would want methamphetamine after detoxing from it a third time. Javaux dropped appellant off at a location where he purchased methamphetamine.

Appellant smoked the methamphetamine and resumed his argument with Javaux. The two went back to Javaux's residence. When Javaux asked appellant to leave, he refused to do so and became physically forceful, pushing Javaux around and intimidating

2.

her. Appellant used his hands to push Javaux with enough force to cause bruising. Appellant hit Javaux's head with his own head. At one point, Javaux fell to the ground.

When Javaux began to scream for help from her neighbors, appellant placed his hands in her mouth to stop her. Appellant grabbed Javaux, threw her on a bed, grabbed her hair, and began hitting her head on the headboard of the bed. Later, as Javaux tried to run out of her home, appellant grabbed her from behind and covered Javaux's nose and mouth so she could not breathe. Javaux took appellant to a gas station with his bicycle so he could fill the tires with air. Javaux then had a friend call the police. Javaux was bleeding from her nose and scratches on her face. Even after going to jail for this incident, appellant kept contacting Javaux.

Appellant admitted Javaux had picked him up from jail after he had been arrested for violating Health and Safety Code section 11550. Appellant denied Javaux's account of what occurred. Appellant asserted that Javaux had thrown a fit and injured herself.

The trial court found Javaux's account substantially more credible than appellant's account of events. The court found appellant admitted a violation of Health and Safety Code section 11550. The court found appellant violated the terms and conditions of his probation. The probation officer recommended that probation be revoked and that appellant receive a prison term of eight years.

At the sentencing hearing on September 29, 2011, the prosecutor moved to dismiss three new pending cases alleging appellant had been under the influence of a controlled substance (case No. 11CM2228), had committed a misdemeanor theft offense (case No. 11CM1945), and committed an act of domestic violence in violation of a court order (case No. 11CM2095) with the right to comment on the cases pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

The trial court noted that appellant had a lengthy criminal record and found no unusual circumstances that would warrant a grant of probation. Defense counsel requested that the court choose the low prison term of two years, plus the enhancements,

3.

for a total term of six years so appellant would be eligible for the California Rehabilitation Center.  Appellant himself argued that a term of eight years was heavy, he thought the restraining order had been dismissed, and he had a dual diagnosis.

The court selected the upper term of four years for appellant's narcotics conviction and added consecutive terms of three years for the prior narcotics conviction enhancement and one year for the prior prison term enhancement.  Appellant's total prison term was set at eight years with custody credits of 212 days for actual time in custody plus 212 conduct credit days.  The court also imposed various fines and fees.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436.)  The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court.  By letter on May 25, 2012, we invited appellant to submit additional briefing.  Appellant replied with a letter contending that the trial court originally selected a five-year term prior to suspending execution of his sentence and placing him on probation.

According to the clerk's and reporter's transcripts from appellant's original sentencing hearing on November 22, 2010, the trial court suspended execution of appellant's sentence without selecting a term of confinement.  The record does not support appellant's contention.  It was not until after the trial court found appellant in violation of his probation that the court imposed a prison sentence.  We note that the probation officer recommended an eight-year prison term.  At the sentencing hearing, neither appellant nor his counsel objected to the length of the prison term on the basis that the court had already selected and stayed execution of a five-year sentence.  Appellant made no assertion that any term of his plea agreement had been violated.

We further note appellant has failed to obtain a certificate of probable cause. To the extent that appellant's assertion is a challenge to the validity of his plea, appellant cannot do so without a certificate of probable cause. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 77-79.)

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.